Opinion issued March 20, 2008 







 
 

 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00875-CV






MICHELLE STAMPER, F/K/A MICHELLE KNOX, Appellant


V.


STANLEY KEITH KNOX, Appellee






On Appeal from the 306th District Court

Galveston County, Texas

Trial Court Cause No. 01FD1970






CONCURRING OPINION

 Appellant, Michelle Stamper, formerly known as Michelle Knox ("Stamper"),
challenges a portion of a final divorce decree, in which the trial court ordered that
appellee, Stanley Keith Knox ("Knox"), be joint managing conservator of her
daughter. This portion of the decree is based on the trial court's June 14, 2006 "Order
Establishing Paternity," in which the trial court held that Stamper is "equitably
estopped from denying" that Knox is the father of the child, adjudicated that Knox
is the father of the child, and established the parent-child relationship between Knox
and the child. 

 In her second issue, Stamper argues that the trial court erred in adjudicating 
Knox as the child's father on equitable grounds because, in doing so, the trial court
did not consider the best interest of the child. The reporter's record clearly reveals
that the trial court, in determining parentage, chose not to consider the child's best
interests. 

 However, in determining whether the doctrine of equitable estoppel even
applies in a case such as this, "the child's best interests are of paramount concern." 
In re Shockley, 123 S.W.3d 642, 652 (Tex. App.--El Paso 2003, no pet.). As
explained by the El Paso Court of Appeals,

 The application of estoppel in paternity actions is aimed at achieving 
fairness as between the parents by holding them, both mother and father,
to their prior conduct regarding the paternity of the child. Estoppel is
based on the public policy that children should be secure in knowing
who their parents are. If a person has acted as the parent and bonded
with the child, the child should not be required to suffer the potentially
damaging trauma that may come from being told that the father she has
known all her life is not in fact her father. In determining whether the
doctrine should be applied to a particular case, the child's best interests
are of paramount concern. To that end, the courts are more inclined to
impose equitable estoppel to protect the status of a child in an already
recognized and operative parent-child relationship.


Id. at 651-52 (internal citations and quotations omitted).

 Here, Knox has not filed a brief in defense of the trial court's order, and we
must, therefore, "accept as true the facts stated" in Stamper's brief. Tex. R. App. P.
38.1(f). As outlined in the majority opinion, the facts, which have been verified in
the reporter's record, clearly reveal that Knox is not the biological father of the child
and any type of continued relationship with Knox is not in the child's best interests. 
Thus, I would hold that the trial court erred in applying the doctrine of equitable
estoppel against Stamper and precluding her from denying that Knox is the biological
father of the child. The doctrine simply does not apply here. See In re Shockley, 123
S.W.3d at 651-52. 










 Accordingly, I would sustain Stamper's second issue. I would further vacate 

the trial court's June 14, 2006 order, reverse that portion of the divorce decree
appointing Knox as Joint Managing Conservator of Stamper's daughter, and decree
that Knox is not the father of the child and no parent-child relationship exists between
Knox and the child. 

 


 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.

Justice Jennings, concurring.